UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 24-81185-CIV-CANNON/Strauss

**CHRISTINE LEDBETTER**,

    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.
_____/

### ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon Magistrate Judge Jared M. Strauss's Report and Recommendation [ECF No. 22] on Plaintiff's Motion for Summary Judgment [ECF No. 15] and Defendant's Motion for Summary Judgment [ECF No. 18]. Those Motions were referred to Magistrate Judge Jared M. Strauss for a report and recommendation [ECF No. 8]. On May 13, 2025, Judge Strauss issued a report (the "Report"), recommending that (1) Plaintiff's Motion for Summary Judgment [ECF No. 15] be denied, and (2) Defendant's Motion for Summary Judgment [ECF No. 18] be granted [ECF No. 22]. The Court has reviewed the Report [ECF No. 22], Plaintiff's Objections [ECF No. 23], and the full record.[1] For the reasons set forth below, the Report [ECF No. 22] is **ACCEPTED**; Plaintiff's Motion for Summary Judgment is **DENIED**; and Defendant's Motion for Summary Judgment is **GRANTED**.

### RELEVANT BACKGROUND

The Court incorporates the factual background and procedural history as ably set forth in the Report [ECF No. 22]. To briefly summarize, Plaintiff's case is before a Court in this District

---

[1] Defendant failed to file objections, and the time to do so has passed [ECF No. 22 p. 23].

for a second time. In February 2022, the Social Security Administration Administrative Law Judge ("ALJ") initially denied Plaintiff's claim for disability insurance benefits [ECF No. 9-2 pp. 584–585]. The Social Security Administration's Appeals Council subsequently denied review [ECF No. 9-2 pp. 584–585]. Plaintiff then challenged that decision in a civil action filed in this District, which led to an order remanding the Commissioner's decision back to the Appeals Council (the "Remand Order") [ECF No. 9-2 pp. 584–611]. On remand, the ALJ again denied Plaintiff's claim, finding that Plaintiff was not disabled under the Social Security Act from the alleged onset date of Plaintiff's disability through the date of the ALJ's decision in July 2024 [ECF No. 9-2 pp. 475–504]. Plaintiff exhausted her administrative remedies and again seeks judicial review of the Commissioner's decision [ECF No. 1].

## LEGAL STANDARDS

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quotation omitted). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

When reviewing administrative decisions by Defendant, courts "must affirm if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In reviewing claims arising under the Social Security Act, reviewing courts "may not decide the facts anew, reweigh the evidence, or substitute [their] judgment for that of the Secretary" and must instead affirm the decision if supported by substantial evidence even if "the evidence preponderates against the Secretary's decision." *Id.* Still, however, courts must evaluate the full record "to determine if the decision reached is reasonable . . . and supported by substantial evidence." *Id.* (citations omitted).

## DISCUSSION

Plaintiff raises the following five objections to the Report: (1) the Report errs in determining that the ALJ complied with the Remand Order's specific findings; (2) the Report wrongly concludes that the ALJ properly found that Plaintiff's use of an assistive device was not medically necessary and then appropriately weighed Plaintiff's use of her assistive device in formulating Plaintiff's residual functional capacity ("RFC"); (3) the Report erroneously finds no error in the ALJ's evaluations of the opinions of Dr. Lins, Mr. Cheatham, and Dr. Christiansen; (4) the Report incorrectly concurs with the ALJ's consideration of Plaintiff's non-severe mental limitations; and (5) the Report erroneously determines that the ALJ properly evaluated Plaintiff's subjective allegations about her symptoms [ECF No. 23]. The Court addresses each argument in turn, ultimately concluding that the Report is well-reasoned; the ALJ's decision is supported by substantial evidence; and Plaintiff has not offered any basis to disturb that decision.

I.  **The ALJ's Compliance with the Remand Order**

Plaintiff first challenges the Report for purportedly erring in determining that the ALJ complied with the Remand Order and its instructions [ECF No. 23 pp. 1–2]. According to Plaintiff, the ALJ failed to follow the "law of the case doctrine" or the "mandate rule" by failing to implement the Remand Order's "instructions," "clear findings," and "principles" [ECF No. 15 pp. 4–5 (quoting *Maxwell v. Comm'r of Soc. Sec.*, 778 F. App'x 800, 802 (11th Cir. 2019)]. The Court disagrees with Plaintiff and agrees with the Report.

As a threshold matter, and as both Plaintiff and the Report correctly note, the Eleventh Circuit has "not decided in a published opinion whether the law of the case doctrine or the mandate rule applies in the context of [disability insurance benefits] and [supplemental security income] appeals." *Maxwell*, 778 F. App'x at 802 n.1.

> Under the law-of-the-case doctrine, an appellate court's findings of fact and conclusions of law are generally binding in all subsequent proceedings in the same case. *See This That & the Other Gift & Tobacco, Inc. v. Cobb Cty.*, 439 F.3d 1275, 1283 (11th Cir. 2006). In effect, "the law-of-the-case doctrine bars relitigation of issues that were decided either explicitly or by necessary implication." *See id.* The mandate rule is a specific application of the law-of-the-case doctrine, and accordingly it "compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Johnson v. KeyBank Nat'l Ass'n (In re Checking Account Overdraft Litig.)*, 754 F.3d 1290, 1296 (11th Cir. 2014) (internal quotation marks omitted).

*Alicea v. Comm'r of Soc. Sec.*, 855 F. App'x 494, 496 (11th Cir. 2021).

Assuming *arguendo* that the law of case doctrine applies, *see Maxwell*, 778 F. App'x at 802 n.1; ECF No. 22 pp. 8–9, the ALJ did not fail to comply with the Remand Order. The Remand Order's instructions were as follows:

> (1) explicitly consider Plaintiff's medication/treatment related side effects; (2) reconsider Plaintiff's subjective complaints regarding activities of daily living; (3) consider the effect of Plaintiff's assistive device on her RFC; (4) clarify the evaluation of the opinions of Dr. Lins and Mr. Cheatham ; (5) explicitly consider Dr. Christiansen's medical opinion and evaluate it according to the factors listed in § 404.1520c(c); (6) reconsider step four of the analysis, taking into consideration

4

> Plaintiff's non-severe mental limitations; (7) comply with all applicable rules and regulations; and (8) take any further action that is required.

[ECF No. 9-2 p. 610]. Upon independent review of the Remand Order [ECF No. 9-2 pp. 584–611] and the ALJ's decision [ECF No 9-2 pp. 475–504], the Court agrees with the Report that the ALJ complied with these "eight tasks" [ECF No. 22 p. 9]. The Court further agrees that the "ALJ did not countermand any findings by the Court nor fail to comply with the Court's order" and "did not improperly apply the law-of-the-case doctrine or the mandate rule" [ECF No. 22 p. 9].

In criticizing the Report and the ALJ's decision, Plaintiff misreads and misunderstands the scope of the Remand Order. For example, Plaintiff characterizes the Remand Order as making "clear findings" of fact [*see, e.g.*, ECF No. 15 p. 5]. But as the Remand Order noted, in judicial review of the Commissioner's decision, "[c]ourts may not 'decide the facts anew, reweigh the evidence, or substitute [their] judgment for that of the [Commissioner]'" [ECF No. 9-2 p. 592 (alteration in original) (quoting *Morales v. Comm'r of Soc. Sec.*, No. 21-13175, 2023 WL 155213, at *6 (11th Cir. Jan. 11, 2023))]. Further, the Remand Order emphasized that it did not "reweigh the evidence," "decide the facts anew," or "substitute its own judgment for that of the Commissioner" [ECF No. 9-2 pp. 597, 604 (citation omitted)]. Thus, the Remand Order did not make any findings of fact to which the law of the case doctrine would apply, assuming that doctrine applies at all.

Plaintiff's arguments also stretch the law of the case doctrine and the mandate rule too far, arguing that they apply to "the principles of the remand order" [ECF No. 15 p. 5]. These legal principles apply to an appellate court's "findings of fact and conclusions of law," *Alicea*, 855 F. App'x at 496, however, not vague and amorphous "principles" [*see* ECF No. 15 p. 5]. Plaintiff has failed to identify any actual findings of fact or conclusions of law made by the Remand Order that the ALJ countermanded.

5

## II. Plaintiff's Use of an Assistive Device

Next, according to Plaintiff, the Report wrongly endorses the ALJ's conclusion that Plaintiff's use of a cane was not medically necessary and improperly weighed that conclusion when formulating Plaintiff's RFC [ECF No. 23 pp. 2–5]. Plaintiff contends that the ALJ failed to follow the Remand Order's findings and reconcile conflicting evidence [ECF No. 23 pp. 2–5]. The Court finds no error and declines to reweigh the evidence as Plaintiff requests.

As discussed above, Plaintiff's argument that the ALJ failed to follow the remand order is incorrect. The Remand Order instructed the ALJ to "consider the effect of Plaintiff's assistive device on her RFC" [ECF No. 9-2 p. 610], which the ALJ did. Indeed, the ALJ went through, in detail, the medical evidence regarding Plaintiff's use of her assistive device [ECF No. 9-2 pp. 483–486, 489–491]. For example, the ALJ weighed the evidence of Mr. Cheatham's prescribing Plaintiff a cane against Plaintiff's MRIs, Plaintiff's October 2022 Function Report, and Plaintiff's own statements [ECF No. 9-2 pp. 485, 489–90]. As the Report correctly concludes, the ALJ "reconciled the conflicting medical reports about Plaintiff's need for an assistive device" and considered "Plaintiff's medical records as a whole" [ECF No. 22 pp. 11–12].[2]

While Plaintiff contends that the ALJ failed to reconcile evidence, at bottom, Plaintiff's arguments go to how the ALJ weighed the hearing testimony and medical records. Plaintiff argues that, "[r]egardless of the framing of the issue, the ALJ failed to properly evaluate whether the assistive device was medically necessary and erroneously excluded the need for an assistive device from the RFC finding" [ECF No. 23 pp. 3–4]. The Court declines Plaintiff's invitation to reweigh

---

[2] Plaintiff claims that the Report "cites hearing testimony and medical records, but not the rationale provided by the ALJ" [ECF No. 23 p. 4]. This is incorrect. The Report cites to the ALJ's decision, although it uses the ECF numbering rather than the record numbering [ECF No. 9-2 pp. 483–486, 489–490; ECF No. 22 pp. 10–11].

6

the evidence. *See Bloodsworth*, 703 F.2d at 1239. The Report correctly determines that the ALJ's conclusion is supported by substantial evidence.

### III. Opinions of Dr. Lins, Mr. Cheatham, and Dr. Christiansen

Third, Plaintiff attacks the Report for concluding that the ALJ properly analyzed the opinions of Dr. Lins, Mr. Cheatham, and Dr. Christiansen [ECF No. 23 pp. 5–7]. Plaintiff again argues that the ALJ failed to comply with the Remand Order by finding these opinions unpersuasive [ECF No. 15 pp. 9–14; ECF No. 23 pp. 5–7]. The Court rejects this argument for the same reasons discussed above. As the Report correctly determines [ECF No. 22 pp. 12–17], the ALJ complied with the instructions given by the Remand Order, which were to "(4) clarify the evaluation of the opinions of Dr. Lins and Mr. Cheatham; [and] (5) explicitly consider Dr. Christiansen's medical opinion and evaluate it according to the factors listed in § 404.1520c(c)" [ECF No. 9-2 p. 610].

Plaintiff argues that the ALJ wrongly rejected the opinions of Dr. Lin and Mr. Cheatham merely for being "a checkbox form" [ECF No. 23 p. 5 (quotation omitted)]. While the ALJ did point to the checkbox forms as one reason the ALJ found the opinions unpersuasive [ECF No. 9-2 pp. 492–494], that was far from the only reason. The Report rightly points out that the ALJ weighed the opinions against the "other evaluations of Plaintiff and the record evidence as a whole" when evaluating persuasiveness [ECF No. 22 p. 14]. Further, for both Dr. Lin and Mr. Cheatham, the ALJ found persuasive their opinions that Plaintiff "could constantly perform fine manipulation bilaterally" [ECF No. 9-2 pp. 492–493]. This finding shows that the ALJ did not wrongly discount their entire opinions for merely being checkbox forms but rather considered all the record evidence when evaluating these opinions.

Plaintiff also contends that the ALJ failed to properly evaluate Dr. Christiansen's opinion as a medical opinion, as required by the Remand Order [ECF No. 23 pp. 6–7]. As an example,

Plaintiff points to the ALJ's finding that "Dr. Christiansen did not provide a function-by-function analysis of the claimant's mental functioning" [ECF No. 9-2 p. 494]—characterizing that finding as "akin to reiterating that Dr. Christiansen did not provide a medical opinion" [ECF No. 15 p. 13]. The Court disagrees. As the Report correctly determines, the ALJ "did properly consider Dr. Thomas Christiansen's medical opinion" [ECF No. 22 p. 16]. The ALJ considered, in detail, Dr. Christiansen's "consultative examination" of Plaintiff and weighed "[t]he results of the mental status examination" against the "finding that the claimant's mental impairments are non-severe and do not impose any limitations in her ability to perform work related activities from a mental standpoint" [ECF No. 9-2 p. 494].

Plaintiff's other arguments boil down to impermissible requests to reweigh the evidence and do not offer any authority suggesting that the ALJ erred in analyzing these opinions [ECF No. 15 pp. 9–14; ECF No. 23 pp. 5–7]. The Court agrees with the Report in rejecting these arguments [ECF No. 22 pp. 12–17].

## IV. Plaintiff's Non-Severe Mental Limitations

Plaintiff then takes issue with the Report's determination that the ALJ sufficiently considered Plaintiff's non-severe mental limitations [ECF No. 23 pp. 7–8]. Yet again, Plaintiff argues that the ALJ failed to follow the Remand Order [ECF No. 15 pp. 14–16; ECF No. 23 pp. 7–8], which the Court again rejects. In effect, Plaintiff faults the ALJ for coming to the same conclusion on remand [ECF No. 23 p. 8], but the Remand Order never forbade the ALJ from coming to the same conclusion so long as it properly complied with the remand instructions. Indeed, to have done so would have been beyond the proper scope of review. *See Bloodsworth*, 703 F.2d at 1239. Rather, the Remand Order simply required the Commissioner to "reconsider step four of the analysis, taking into consideration Plaintiff's non-severe mental limitations" [ECF No. 9-2 p. 610]. The Court agrees with the Report's conclusion that, when read as a whole,

8

Case 9:24-cv-81185-AMC   Document 24   Entered on FLSD Docket 09/15/2025   Page 9 of 10

CASE NO. 24-81185-CIV-CANNON/Strauss

the ALJ's decision showed that the ALJ followed the mandate [ECF No. 22 pp. 17–19; *see also* ECF No. 9-2 pp. 485–486, 490].

As before, Plaintiff's disagreements with the ALJ's conclusions reduce to disagreements with how the ALJ weighed the evidence regarding Plaintiff's non-severe mental limitations. The Court again declines Plaintiff's invitation to reweigh the evidence and decide the facts anew for itself. *See Bloodsworth*, 703 F.2d at 1239.

V.     **Plaintiff's Subjective Allegations**

Finally, Plaintiff contends that the Report improperly determines that the ALJ properly evaluated the Plaintiff's subjective allegations [ECF No. 23 pp. 8–12]. As support for this claim, Plaintiff says the Remand Order made "specific findings" [ECF No. 23 p. 9]; the ALJ issued "the same findings" issued in its initial decision [ECF No. 15 p. 18]; and the ALJ did not "properly consider" various pieces of record evidence [*see e.g.*, ECF No. 15 pp. 20–21]. For the same reasons discussed above, the Remand Order did not make such factual findings. As to Plaintiff's other arguments, these objections are another bid to get this Court to reweigh the evidence. The Court declines that invitation and focuses instead on whether substantial evidence supports the ALJ's decision. On that question, the answer is yes, as the Report determined [ECF No. 22 pp. 19–23]. Plaintiff's testimony regarding her symptoms is not entirely consistent with the medical evidence and other evidence in the record, as the ALJ found [ECF No. 9-2 pp. 484–486]. For example, the ALJ weighed Plaintiff's "complaints . . . that she had difficulty with lifting, squatting, bending, reaching, standing, walking, sitting, concentrating, following instructions, remembering, and completing tasks" against Plaintiff's testimony that "she prepared her own meals, drove, shopped in stores, and handled her own finances," and found them inconsistent [ECF No. 9-2 p. 485]. Substantial evidence supports the ALJ's conclusions as to Plaintiff's testimony about her symptoms, as the Report correctly concluded.

**CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 22] is **ACCEPTED**.

2. Plaintiff's Motion for Summary Judgement [ECF No. 15] is **DENIED**.

3. Defendant's Motion for Summary Judgment [ECF No. 18] is **GRANTED**.

4. Final judgment will be entered separately pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**ORDERED** in Chambers at Fort Pierce, Florida this 15th day of September 2025.

*[signature]*

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record